**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven THORNTON, Defendant–Appellant.**

No. 00–2380.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before NELSON, SILER, and CLAY, Circuit Judges.

*ORDER*

Steven Thornton appeals from his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Thornton pleaded guilty to conspiracy to obtain by fraud and unlawfully convert to his own use property owned by a local governmental agency in violation of 18 U.S.C. §§ 666(a)(1)(A) and 371. The district court sentenced Thornton to five years of probation and imposed a $5000 fine. In this timely appeal, Thornton argues that his counsel rendered ineffective assistance.

Thornton's claim that his trial counsel rendered ineffective assistance is not cognizable in this appeal. Generally, an ineffective assistance of counsel claim is not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence the claim is more properly raised in a motion to vacate sentence filed under 28 U.S.C. § 2255. *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser*, 241 F.3d 460, 474 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 181, 151 L.Ed.2d 125 (2001). If the parties have adequately developed the record, however, the court may elect to review the issue on direct appeal. *Shabazz*, 263 F.3d at 612. In this case, the issue of ineffective assistance of counsel was never raised in the district court, and the parties never developed an adequate record to review the claim. Consequently, this court will not review the claim at this time; rather, Thornton should raise the issue in a § 2255 proceeding.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.